USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/26/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CONTINENTAL INDUSTRIES GROUP, INC.,                :
                                                   :
                     Plaintiff,                  :    **ORDER**
                                                   :
   -v.-                                            :    14-CV-790 (AT) (JLC)
                                                   :
MEHMET ALTUNKILIC,                                 :
                                                   :
                     Defendant.                  :
---------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

      Upon the default of defendant Mehmet Altunkilic, this case was referred to me by Judge Torres for purposes of conducting an inquest and issuing a report and recommendation concerning the amount of damages that should be awarded to plaintiff Continental Industries Group, Inc. Dkt. No. 75. Pursuant to a mandate from the Second Circuit, Judge Torres reinstated Plaintiff's claims for misappropriation of trade secrets and proprietary information, tortious interference with contract and prospective economic advantage, and aiding and abetting breach of fiduciary duty. Dkt. No. 74. For the reasons explained below, Plaintiff is directed to further supplement its inquest submissions, so as to clarify its proposed damage calculations as well as to provide a legal and factual basis for an award of costs.

      In connection with its reinstated claims, Plaintiff seeks lost profits in the amount of $19,898,524 as compensatory damages and purports to submit supporting documentation. Proposed Findings of Fact and Conclusions of Law, Dkt. No. 63; Declaration of Omer T. Karabey dated November 18, 2016, Dkt. No. 63-1; Supplemental Memorandum of Law in Support of Proposed Findings of Fact and Conclusions of Law, Dkt. No. 78. Upon reviewing Plaintiff's submissions, however, the Court cannot ascertain how Plaintiff arrived at its figures

for lost profits.  For example, Plaintiff provides spreadsheets purportedly showing the decrease in revenue from suppliers and customers each year during the relevant period.  *See* Karabey Decl., ¶¶ 21, 22, Exhibits C and D.  Mr. Karabey states, "*on information and belief*," rather than on personal knowledge, that "the supplier and customers identified on the attached exhibits . . . shifted their business from CIG to Plasmar." *See id.* ¶ 20 (emphasis added).  He then asserts that "CIG was earning a standard margin of three percent" without disclosing how the profit margin was derived.  *See id.* ¶ 23.  Using an unexplained "trend analysis," these figures, in turn, appear to lead to Plaintiff's determination that its expected lost profits from both the supply side and the customer side were $5,458,690 annually (or $38,210,830 during the applicable seven-year period).  *See id.* ¶¶ 24, 25; Supplemental Proposed Findings ¶ 12.  Moreover, Plaintiff arrives at a net amount of $33,164,206.63 after accounting for unidentified "amounts [] recovered from these suppliers and customers for the years 2007-2013 . . . ." *See* Supplemental Proposed Findings ¶ 12.[1]  Finally, based on an unexplained rate of 60% to account for "the market factors and likelihood that not all diverted customers actually stayed with Plasmar," CIG's net lost profits for this period are calculated to be $19,898,524.  *See* Karabey Decl. ¶ 26; Supplemental Proposed Findings ¶ 12.

Damages are not automatically awarded upon a defendant's default; while a court must take the well-pleaded factual allegations in the complaint as true, *see Finkel v. Romanowicz,* 577 F.3d 79, 84 (2d Cir. 2009), a plaintiff must substantiate its claims with evidence to prove the extent of its damages.  *See*, *e.g.*, *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir. 1992) (citing *Flaks v. Koegel,* 504 F.2d 702, 707 (2d Cir. 1974)).  Where

---

[1] Mr. Karabey states in his declaration that "amounts were recovered from these suppliers and customers for the years 200**8**-2013, as shown in Exhibits C and D . . . ." Karabey Decl. ¶ 26 (emphasis added).  The year 2008 appears to be a typographical error as the exhibits correspond to the period beginning in 2007.

a plaintiff fails to demonstrate its damages to a reasonable certainty, a court should decline to award any damages, even where liability has been established through default. *See*, *e.g.*, *Lenard v. Design Studio*, 889 F. Supp. 2d 518, 527–28 (S.D.N.Y. 2012) (citing cases); *see also Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997) (even where defendant defaults, court "could not just accept [plaintiff's] statement of the damages," as doing so "did not satisfy the court's obligation to ensure that the damages were appropriate").

Here, Plaintiff has thus far failed to demonstrate the amount of its damages with reasonable certainty. Nonetheless, Plaintiff did attach some documentation to its papers, and the flaw in its submissions may simply be a failure to sufficiently explain that documentation. Therefore, in the interest of justice, the Court will afford Plaintiff a final opportunity to explain its proposed damage calculations, and to provide the Court with copies of all underlying materials necessary for the Court to be able to understand and confirm Plaintiff's calculations.

Furthermore, Plaintiff has offered neither an explanation as to why it is entitled to an award of costs nor any documentation in support thereof. Under New York law, generally, "attorneys' fees and disbursements are incidents of litigation and the prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties or by statute or court rule." *Matter of A.G. Ship Maintenance Corp. v. Lezak,* 69 N.Y.2d 1, 5 (1986) (citing *City of Buffalo v. J. W. Clement Co.,* 28 N.Y.2d 241, 262–263 (1971)). Moreover, costs are only recoverable if proper documentation substantiating them are provided. *See*, *e.g.*,

*Pastor v. Alice Cleaners, Inc.*, No. 16-CV-7264 (JLC), 2017 WL 5625556, at *9 (S.D.N.Y. Nov. 21, 2017).[2]

Accordingly, no later than **March 9, 2020**, Plaintiff shall make a further submission to the Court with respect to its claimed damages and costs. In this submission, Plaintiff is specifically directed to explain: (1) whether Mr. Karabey's statement, upon information and belief, rather than on personal knowledge, that the identified suppliers and customers have shifted their business from CIG to Plasmar, is sufficient as an evidentiary matter for purposes of authentication (citing legal authority, if possible); (2) how the figure representing expected lost profits ($33,164.206.63) was calculated; and (3) why it chose 60% as the applicable rate "to account for market and other factors" (and to explain what those "other factors" are), with specific reference to the supporting documentation already submitted or documentation that Plaintiff provides with its further submission. Thus, where supporting documentation is unavailable or does not exist, or where Plaintiff has relied on reasoned estimates, Plaintiff should explain this to the Court in its further submission.

Moreover, any requests for costs must be supported by documentary evidence justifying such an award. Plaintiff should also include a paragraph or paragraphs setting forth the legal basis for any requested award of costs.

Plaintiff shall serve Defendant with a copy of any supplemental documents filed with the Court, including a copy of this Order, and file a certificate of service. Defendant's response, if

---

[2] Although the prayer for relief in its complaint requests "reasonable attorney fees," Dkt. No. 4 at 15, Plaintiff did not renew its request for fees in its inquest submissions. The Court therefore assumes that Plaintiff has abandoned this request. However, because the Court is providing another opportunity to make further submissions, should Plaintiff seek attorneys' fees, it must provide both a legal basis as well as contemporaneous time records justifying its request.

any, to plaintiff's papers will be due by **March 23, 2020.**

      **SO ORDERED.**

Dated:  New York, New York
        February 26, 2020

                                                  JAMES L. COTT
                                                  United States Magistrate Judge