```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 05/01/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CONTINENTAL INDUSTRIES GROUP, INC.,    :
                                       :
                    Plaintiff,         :    **ORDER**
                                       :
    -v.-                                :    14-CV-790 (AT) (JLC)
                                       :
MEHMET ALTUNKILIC,                     :
                                       :
                    Defendant.         :
---------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

In light of the legal authorities and evidentiary materials submitted with Plaintiff's Objections dated April 29, 2020, Dkt. No. 85, which had not been previously presented, the Report and Recommendation dated April 16, 2020, Dkt. No. 84, is hereby withdrawn. I will review the record now that it is has been more fully developed and provide Judge Torres with a revised Report and Recommendation.

One continuing issue, however, is the authenticity and reliability of the materials from the state court proceeding, in particular, the list purportedly produced by Plasmar identifying suppliers and customers who shifted their business from CIG to Plasmar and Marchem. Dkt. No. 82, Exhibit A. Before the Court can engage in an appropriate analysis as to these materials, including whether Federal Rule of Evidence 807 may apply,[1] Plaintiff is hereby directed to submit to the Court, to the extent feasible, any corroborating evidence in support of the list's authenticity and reliability, and should do so no later than **May 8, 2020**. For example, Plaintiff maintains in its Objections that "the statement in question is a sworn statement made by the co-

---

[1] Rule 807 was amended in 2019. The only legal authority cited by Plaintiff construing Rule 807 is a case that pre-dates the amendments. Accordingly, Plaintiff may wish to supplement its Rule 807 authority in its May 8 submission as well.

1

founder of Plasmar identifying what companies it has done business with made in support of a motion for summary judgment." Dkt. No. 85 at 13.  However, Exhibit A of Karabey's Supplemental Declaration contains no indication whatsoever that it is a sworn statement, much less that such document was produced by Plasmar in the course of the state court proceeding.  The accompanying cover letter from counsel who produced the list or at least some indicia of its production such as a bate stamp version would be helpful to the Court.  It would be optimal if Plaintiff could provide a copy of the sworn statement submitted in state court and make it part of the record in this Court.

    **SO ORDERED.**

Dated: New York, New York
       May 1, 2020

_____
JAMES L. COTT
United States Magistrate Judge